USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/4/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STARLIN NUNEZ,

                Movant,

-against-

UNITED STATES OF AMERICA,

                Respondent.

21-CV-9755 (VEC)

17-CR-438-1 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

WHEREAS on March 22, 2019, Starlin Nunez pled guilty to one count of racketeering conspiracy and, by judgment of conviction dated March 25, 2019, was sentenced to 108 months' imprisonment followed by three years' supervised release, *see* Mar. 22, 2019 Sentencing Tr., Dkt. 521; Judgment, Dkt. 517;[1]

WHEREAS Mr. Nunez did not file an appeal;

WHEREAS on October 29, 2021, Mr. Nunez, who is currently held in the Westchester County Jail, submitted an application *pro se* using the Court's form Petition for a Writ of Habeas Corpus, *see* Dkt. 654;[2]

WHEREAS "the submissions of a pro se litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest,'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (emphasis removed) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006));

---

[1] Except where otherwise indicated, all citations are to docket entries in Mr. Nunez's criminal case, No. 17-CR-438.

[2] Mr. Nunez placed his application in the prison mail collection box on October 29, 2021; it was filed in both his civil case and his criminal case on November 17, 2021. *See* No. 17-CR-438, Dkt. 654; No. 21-CV-9755, Dkt. 1.

WHEREAS on November 29, 2021, the Court construed Mr. Nunez's application as a motion under 28 U.S.C. § 2255, *see* Dkt. 655;

WHEREAS the Court noted that Mr. Nunez's motion may be time-barred and ordered Mr. Nunez, no later than January 28, 2022, either to notify the Court in writing that he wishes to withdraw the motion or to file a declaration showing cause why the motion should not be dismissed as time-barred, *see id.*;

WHEREAS on January 15, 2022, Mr. Nunez signed a declaration purporting to show cause why his motion should not be dismissed as time-barred, *see* Dkt. 669;[3]

WHEREAS a federal prisoner seeking relief under Section 2255 must generally file a motion within one year from the latest of four benchmark dates: (1) the date the judgment of conviction becomes final; (2) the date on which a government-created impediment to making such a motion is removed; (3) the date on which the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) the date by which the facts supporting the claim(s) could have been discovered through the exercise of due diligence, *see* 28 U.S.C. § 2255(f);

WHEREAS, because Mr. Nunez did not appeal, his conviction became final on April 8, 2019, fourteen days after judgment was entered, *see* Fed. R. App. P. 4(b)(1)(A); Judgment, Dkt. 517; *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) ("for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires");

---

[3]    Mr. Nunez's declaration was filed in his civil case, No. 21-CV-9755, on January 28, 2022, *see* No. 21-CV-9755, Dkt. 5, and was filed in his criminal case, No. 17-CR-738, on February 4, 2022, *see* Dkt. 669.

WHEREAS Mr. Nunez placed the instant motion in the prison mail collection box on October 29, 2021, more than two years and six months after his conviction became final, *see* Dkt. 654;

WHEREAS Mr. Nunez, in his declaration, asserts that his petition should not be dismissed as time-barred because he relied on his counsel's advice after sentencing that he did not have grounds for an appeal and has only since concluded, based on research, that his counsel did not provide effective assistance, *see* Dkt. 669 at 1–2;

WHEREAS Mr. Nunez further argues that preparation of his habeas petition was delayed by restrictions at the facilities in which he has been detained, which hindered his access to legal resources, *see id.* at 2–3;

WHEREAS Mr. Nunez also argues that the COVID-19 pandemic has led to frequent lockdowns at the facilities in which he has been detained, further restricting his access to legal resources, *see id.* at 3–5;

IT IS HEREBY ORDERED that Mr. Nunez's § 2255 petition is DISMISSED as time barred because Mr. Nunez has not demonstrated extraordinary circumstances sufficient to justify a delay of more than two-and-a-half years in filing this motion, nor has he established a plausible basis for equitable tolling. Mr. Nunez's time to file a 2255 petition expired on April 18, 2020, which was approximately one month after prisons in the United States began implementing lock downs to limit the spread of COVID. Had this petition been filed at some point in 2020, his arguments based on COVID lock downs might have had some resonance. But neither COVID lock downs nor any of Petitioner's other explanations can justify the lengthy delay seen here. *See Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001) ("To show that extraordinary circumstances prevented him from filing his petition on time, petitioner must demonstrate a

causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.") (internal quotation marks and citation omitted); *see also, e.g.*, *Nunez v. Danforth*, No. 20-CV-10230, 2021 WL 1063127, at *2 (S.D.N.Y. Mar. 18, 2021) (finding pandemic conditions insufficient to warrant a more than one-year delay); *Mattera v. United States*, Nos. 16-CV-783 & 12-CR-127, 2020 WL 774103, at *4 (S.D.N.Y. Feb. 18, 2020) ("Petitioner's argument regarding the conditions of his imprisonment do not rise to the level of extraordinary circumstances justifying a delay of more than two and a half years in filing his habeas petition.") (citing, *inter alia*, *Morton v. Ercole*, No. 08-CR-252, 2010 WL 890036, at *2 (S.D.N.Y. Mar. 10, 2010) (explaining that "[c]ourts generally have found that periods of delay lasting for more than a year do not exhibit due diligence," and collecting cases)).

IT IS FURTHER ORDERED that, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis status* is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

IT IS FURTHER ORDERED that the Clerk of Court is directed to terminate case No. 21-CV-9755. The Clerk of Court is further respectfully directed to mail a copy of this Order to Mr. Nunez at Starlin Nunez, P-258314, W.C.D.O.C., P.O. Box 10, Valhalla, NY 10595, and to note mailing on the docket.

**SO ORDERED.**

Date: February 4, 2022  
New York, New York

*[signature: Valerie Caproni]*  
**VALERIE CAPRONI**  
**United States District Judge**